# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GLOBAL TOTAL OFFICE LIMITED )
PARTNERSHIP, an Ontario, Canada )
limited partnership, and )
GLOBAL INDUSTRIES, INC., )
A Maryland corporation, )
  )
        Plaintiffs, )    10 C 1896
  )
  v. )    Judge Sharon Johnson Coleman
  )
GLOBAL ALLIES, LLC )    Magistrate Judge Arlander Keys
a California limited liability company, )
  )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant, Global Allies LLC ("Global Allies"), moves to dismiss pursuant to Rule 12(b)(6) and Rule 9(b) Count VII of plaintiff Global Total Office LP's Second Amended Complaint [66]. Defendant argues for dismissal of Count VII of the Second Amended Complaint because plaintiff does not have standing to bring a claim under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") and, even if plaintiff did have standing, it has failed to allege a violation of ICFA with sufficient particularity to state a claim upon which relief can be granted. For the reasons stated below, the motion is granted without prejudice.

**Legal Standard**

A motion to dismiss tests the sufficiency of the complaint, not its merits. See, e.g., Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Under the notice pleading standards of Rule 8, a complaint must set forth sufficient factual material, taken as true, to raise the plaintiff's right to relief "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Abstract recitations of the elements of a cause of action and "naked assertion[s]" devoid of "further factual enhancement" are insufficient to satisfy the pleading requirements of Rule 8. Ashcroft v. Iqbal, ___

U.S.___, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 555). Thus, in order to survive a motion to dismiss, the complaint must, on its face, contain sufficient factual material for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

Fraud claims must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Plaintiffs must plead allegations brought under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") with particularity. Freedom Mortgage Corp. v. Burnham Mortgage, Inc. et al., 720 F. Supp. 2d 978, 1004 (N.D. Ill. 2010). Therefore, must allege with particularity the "who, what, when, where, and how" of the fraud or misrepresentation. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

**Background**

Plaintiff Global Total Office is a Canadian limited partnership that claims ownership of the registered trademark GLOBAL & Design and the trademark and trade name GLOBAL. Plaintiff Global Industries is located in New Jersey and is affiliated with Global Total Office for marketing, selling and distributing Global Total Office business and institutional furniture products. Defendant Global Allies is a California limited liability partnership engaged in the business of importing, distributing and selling business and institutional seating under the trademark and trade name GLOBAL ALLIES. Plaintiff alleges that there has been actual confusion among consumers related to the use of the GLOBAL trademark and trade name in the sale and marketing of business furniture.

Plaintiff filed the Second Amended Complaint, currently at issue, after defendant sought dismissal of Count VII of plaintiff's First Amended Complaint. Plaintiff's eight count Second Amended Complaint alleges various trademark claims, including infringement and false designation pursuant to the Lanham Act (15 U.S.C. §§1051-1127) and the Illinois Trademark Registration and Protection Act (765 ILCS §1036/60), trademark dilution under the Federal Trademark Dilution Act (15 U.S.C. §1125(c)) and the Illinois Trademark Registration and Protection Act (765 ILCS §1036/65), and deceptive trade

2

practices and unfair competition under the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS §§505/1-505/2) and Illinois common law. Only Count VII for unfair competition and misrepresentation under the ICFA is at issue in the present motion.

**Standing and Pleading for a Claim under ICFA**

Defendant seeks dismissal of Count VII on two bases: (1) that plaintiff is not a "consumer" and therefore lacks standing to assert a claim under ICFA unless plaintiff pleads sufficient facts to meet "the consumer nexus test"; and (2) even if plaintiff had standing, the Second Amended Complaint does not plead with sufficient particularity to satisfy the requirements of Rule 9(b).

The ICFA prohibits the use of deceptive acts or practices in the conduct of trade or commerce. 815 ILCS 505/2. To state a claim under the ICFA, the complaint must allege: (1) a deceptive act or practice by defendant; (2) defendant's intent that plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to plaintiff; (5) proximately caused by the deception. Freedom Mortgage Corp., 720 F.Supp.2d at 1003 (citing Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 180, 835 N.E.2d 801, 296 Ill. Dec. 448 (Ill. 2005)).

Although defendant presents the deficiency in Count VII as one of standing, the issue is really one of pleading since defendant is arguing that plaintiff has not sufficiently alleged its status either as a consumer or a corporation that meets the "consumer nexus test." A corporation may assert claims under ICFA even if they are not "consumers" of the defendant's products if they meet the "consumer nexus test." See id. at 1004. Under the "consumer nexus test," plaintiff must allege facts showing the conduct involves trade practices directed to the market generally or otherwise relates to consumer protection issues. 815 ILCS 505/1; see also Petri v. Gatlin, 997 F.Supp. 956 (N.D.Ill. 1997); Athay Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 437 (7th Cir. 1996). "To sufficiently establish an implication of consumer protection concerns, [a plaintiff] must plead and otherwise prove (1) that [its] actions were akin to a consumer's actions to establish a link between [it] and consumers; (2) how defendant's

representations... concerned consumers other than [plaintiff]; (3) how defendant's particular [action] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." Brody v. Finch Univ. of Health Sciences/The Chicago Medical School, 298 Ill.App.3d 146, 161 698 N.E.2d 257, 232 Ill. Dec. 419 (2 Dist. 1998).

The complaint at bar is unlike the complaint at issue in Freedom Mortgage, where the plaintiff had not alleged that the defendant had made any misrepresentations to the general public and only alleged in conclusory fashion that "Ticor's conduct involves trade practices addressed to the market generally and/or otherwise implicates consumer protection concerns. Freedom Mortgage Corp., 720 F.Supp.2d at 1004. Here, plaintiff has alleged that defendant has made false and misleading statements of fact to consumers in the marketplace, including representations about defendant's quality control and engineering procedures, the size of the company, the experience, nature and scope of the business. See Pl. SAC, Dkt. 63, ¶¶ 18, 19, 49, 50. The factual allegations contained in the complaint are sufficient to meet the consumer nexus test.

Although plaintiff's Second Amended Complaint alleges sufficient facts to allow plaintiff to bring an action under the ICFA, Count VII fails to allege with particularity the facts establishing the "who, what, when, where, and how" of the fraud or misrepresentation. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff asserts in its response brief that it need not allege Count VII with particularity because it is not asserting a misrepresentation or fraud claim under ICFA, but solely an unfair practices claim that does not trigger the heightened pleading standard of Rule 9(b). See Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, 536 F.3d 663, 670 (7th Cir. 2008). This Court disagrees.

Review of the Second Amended Complaint shows that the allegations related to Count VII repeatedly refer to representations that defendant's allegedly made to consumers that were false or misleading. Such allegations do not support the conclusion that plaintiff is asserting an unfair practices

claim unrelated to consumer fraud. Thus, plaintiff must allege its claim under ICFA with particularity. Although plaintiff has alleged ample facts indicating the "what" of the alleged misrepresentations, but the complaint false short on who made the alleged statements, how or by what means were the alleged statements disseminated to consumers, and when the statements were made beyond general averments of "since 2001." Accordingly, Count VII of the Second Amended Complaint is dismissed without prejudice.

**Conclusion**

Defendant's Motion to Dismiss Count VII of the Second Amended Complaint is granted. Plaintiff is given leave to replead, if it chooses to do so, within 14 days of entry of this order.

Date: July 28, 2011.

Entered:_____
Sharon Johnson Coleman